IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Sage Mill Residential Ltd., | ) | Case No. 1:24-cv-03957-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Aiken County, South Carolina; Joel Duke, *in his individual and official capacity*; South Carolina Department of Transportation; Kevin Webber, *in his individual and official capacity*, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a partial motion to dismiss and/or for judgment on the pleadings filed by Defendants Aiken County and Joel Duke ("Moving Defendants").[1]  [Doc. 31.]  For the reasons discussed below, the Court grants in part and denies in part Moving Defendants' motion.

**BACKGROUND**[2]

This case involves a residential planned unit development, known as Sage Creek, owned by Plaintiff and located in Aiken County, South Carolina.  [Doc. 27 ¶ 8.]  Plaintiff alleges that Defendants have imposed unconstitutional exactions on Plaintiff that have caused significant delay and financial damage to portions of Sage Creek.  [*Id*. ¶¶ 31–41.]

---

[1] Although Moving Defendants' motion is titled "Notice of Motion and Motion to Dismiss and Motion for Judgment on the Pleadings" [Doc. 31], the memorandum in support of the motion seeks only partial dismissal of Plaintiff's Amended Complaint [Doc. 31-1 at 2].

[2] The facts included in the Background section are taken directly from the Amended Complaint.  [Doc. 27.]

On June 14, 2024, Plaintiff filed this action in the Aiken County Court of Common Pleas, asserting claims for inverse condemnation/unconstitutional exactions and regulatory taking; violation of substantive due process as secured by the South Carolina Constitution and Fifth and Fourteenth Amendments to the United States Constitution; violation of equal protection as secured by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 3 of the South Carolina Constitution; and promissory estoppel.  [Doc. 1-1.]  Defendants removed the action on July 15, 2024. [Doc. 1.]  Plaintiff filed an Amended Complaint against all Defendants on September 27, 2024, replacing the promissory estoppel claim with one for equitable estoppel and adding a claim for declaratory judgment.  [Doc. 27.]  Plaintiff seeks actual, consequential, and punitive damages, as well as attorney's fees and costs.  [*Id*. at 20.]  Moving Defendants moved to dismiss the Amended Complaint on October 11, 2024 [Doc. 31], and it has been fully briefed [Docs. 32; 33].

## APPLICABLE LAW

**Motion to Dismiss**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, for purposes of a Rule 12(b)(6) motion,

a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31–32 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not

akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557; *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

**Motion for Judgment on the Pleadings**

Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). In reviewing a motion for judgment on the pleadings, a court should "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019) (internal quotation marks omitted). "Thus, [t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Integon Gen. Ins. v. Bartkowiak ex rel. Bartkowiak*, No. 7:09-cv-03045-JMC, 2010 WL 4156471, at *2 (D.S.C. Oct. 19, 2010) (alteration in original) (internal quotation marks omitted). A court should apply the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6) and should grant a motion for judgment on the pleadings "only if the moving

party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Lewis v. Excel Mech., LLC*, No. 2:13-cv-281-PMD, 2013 WL 4585873, at *2 (D.S.C. Aug. 28, 2013) (internal quotation marks omitted); *see also Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002) (noting that the standard applicable for motions made under Rule 12(c) is the same as for those made under Rule 12(b)(6)).

## DISCUSSION

In their motion, Moving Defendants argue the following: (1) Plaintiff's claims under the South Carolina Constitution should be dismissed because there is no private right of action for monetary damages under the South Carolina Constitution; (2) Plaintiff's claim for equitable estoppel is barred by the doctrine of sovereign immunity; (3) Plaintiff's claims under the South Carolina Uniform Declaratory Judgments Act cannot be pursued in federal court; and (4) Plaintiff cannot assert a claim for punitive damages against Aiken County. [Docs. 31; 31-1.] The Court will address each argument seriatim.

**Plaintiff's Claims Under the South Carolina Constitution and for Punitive Damages**

As an initial matter, Plaintiff concedes in its response to Moving Defendants' motion that Plaintiff's claims for monetary relief under the South Carolina Constitution and for punitive damages against Aiken County are improper. [*See* Doc. 32 at 6 ("Plaintiff does not disagree with [the Moving Defendants' assertion that Plaintiff's claims under the South Carolina Constitution should be dismissed] to the extent it relates solely to claims for monetary damages, as opposed to equitable or declaratory relief."),[3] 13 ("Plaintiff

---

[3] The Court notes that Plaintiff seeks only monetary relief on its claims under the South Carolina Constitution. [Doc. 27 ¶¶ 66, 81.]

understands that an award of punitive damages would only be available against Joel Duke.").] Accordingly, the Court grants Moving Defendants' motion as to these claims and dismisses with prejudice Plaintiff's claims for monetary damages under the South Carolina Constitution and Plaintiff's request for punitive damages as against Aiken County.[4]

To the extent Plaintiff seeks leave to amend its Amended Complaint to remedy the deficiencies identified by Moving Defendants, the Court grants Plaintiff leave to amend its pleading.[5] *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a complaint] when justice so requires."); [*see also* Doc. 32 at 7 (stating that Plaintiff will amend its Amended Complaint to clarify that it seeks declaratory and equitable relief under the South Carolina Constitution), 13 (stating that Plaintiff will seek to amend its Amended Complaint to clarify that punitive damages would only be available against Duke)].

**Plaintiff's Claim for Equitable Estoppel**

The Court next turns to Plaintiff's claim for equitable estoppel. Moving Defendants argue that Plaintiff's claim is barred by the doctrine of sovereign immunity because the South Carolina General Assembly has not explicitly waived sovereign immunity to allow

---

[4] The question of whether punitive damages would be available as against the remaining defendants has not been argued and the Court therefore does not decide that issue at this time.

[5] Plaintiff has not formally moved to amend its Amended Complaint at any point in response to Moving Defendants' motion or otherwise, but states throughout its response that it will seek to amend its Amended Complaint. [*See* Doc. 32.] The Court, in its discretion will construe the language in Plaintiff's response as a request for leave to amend the Amended Complaint.

a claim for equitable estoppel against a governmental entity or a governmental official.[6] [Doc. 31-1 at 3–6.]  Plaintiff points the Court to several South Carolina appellate court decisions in response, arguing that the "South Carolina Supreme Court has repeatedly recognized the existence of [equitable estoppel] claims against local governments" and that it is "well-established that governmental agents, acting within the proper scope of their authority, can by their acts give rise to estoppel against a municipality."  [Doc. 32 at 10.]

In reply, Moving Defendants argue that the appellate court decisions cited by Plaintiff do not address the question of whether a governmental entity or official is immune from an equitable estoppel claim, nor do they reflect that the defense of sovereign immunity was even raised by the defendants as a bar to a claim for monetary relief in those cases.  [Doc. 33 at 4 (citing *Washington v. Whitaker*, 451 S.E.2d 894, 898 (S.C. 1994), for the proposition that sovereign immunity is an affirmative defense that, if not raised, is waived).]  Moreover, as Moving Defendants explain, all but one of the cases cited by Plaintiff arose before the Supreme Court's abrogation of sovereign immunity in *McCall* and the General Assembly's subsequent enactment of the South Carolina Tort Claims Act.  [Doc. 33 at 4–5.]

The Court agrees with Moving Defendants that the cases cited by Plaintiff are not binding on the issue of whether a claim for equitable estoppel may be asserted against a

---

[6] As Moving Defendants explain in detail, in reaction to the South Carolina Supreme Court's abrogation of the common law doctrine of sovereign immunity in *McCall v. Batson*, 329 S.E.2d 741 (S.C. 1985), the South Carolina General Assembly reinstated sovereign immunity in 1986 only to the limited waiver specifically provided in the South Carolina Tort Claims Act.  [Doc. 31-1 at 3–5.]

governmental entity or governmental official in South Carolina,[7] *see Murphy v. Richland Mem'l Hosp.*, 455 S.E.2d 688, 690 (S.C. 1995) (describing pre-*McCall* exceptions to sovereign immunity as a "scattered patchwork of sovereign liability that lack[ed] continuity, logic or fairness" (internal quotation marks omitted)), and concludes that Defendants are entitled to sovereign immunity on Plaintiff's equitable estoppel claim because there is no indication that the South Carolina General Assembly has "unequivocally expressed" its intention to waive immunity as to these types of claims, *see Fulcrum Int'l, Inc. v. Prince George Ctr. I, Inc.*, 503 F. App'x 193, 195 (4th Cir. 2012) (affirming dismissal on sovereign immunity grounds and holding that the Fourth Circuit "require[s] waivers of sovereign immunity to be 'clear and unequivocal'" and that is was "neither clear nor unequivocal that [the defendant governmental entity] ha[d] waived its sovereign immunity as to estoppel claims"); *cf.* John F. Conway, Note, *Equitable Estoppel of the Federal Government: An Application of the Proprietary Function Exception to the Traditional Rule*, 55 Fordham L. Rev. 707, 710 n.12 (1987) ("[T]he theory that the government cannot be estopped is no doubt a part of the broad doctrine of sovereign immunity." (internal quotation marks omitted)).    Accordingly, the Court dismisses Plaintiff's equitable estoppel claim with prejudice.

---

[7] The Court also agrees with Moving Defendants that the more recent opinion cited by Plaintiff, *Quail Hill, LLC v. Cnty. of Richland*, 692 S.E.2d 499 (S.C. 2010), is distinguishable for similar reasons.  [*See* Doc. 33 at 5–6.]  In fact, in affirming the trial court's granting of summary judgment to the county defendant, the South Carolina Supreme Court noted that "[a] decision to affirm the circuit court's grant of summary judgment to [the county defendant] on this [equitable estoppel] claim is consistent with our state's jurisprudence regarding the applicability of the doctrine of equitable estoppel to a governmental entity." *Quail Hill*, 692 S.E.2d at 507 (citing cases).

**Plaintiff's Claim for Declaratory Judgment**

Plaintiff's Amended Complaint seeks a declaratory judgment from this Court pursuant to the "Declaratory Judgment Act" and requests an award of costs and attorney's fees, citing to the South Carolina Uniform Declaratory Judgments Act (the "South Carolina Act"). [Doc. 27 ¶¶ 93–99.] Moving Defendants contend that the prayer for recovery of attorney's fees and costs under state statutes demonstrates that Plaintiff seeks declaratory relief under the South Carolina Act, which cannot be pursued in federal court. [Doc. 31-1 at 6–7.] In response, Plaintiff argues that because its state declaratory judgment claim was removed to federal court, it should now be construed as made pursuant to the Federal Declaratory Judgments Act (the "Federal Act"). [Doc. 32 at 11–13.] However, as Moving Defendants point out in reply [Doc. 33 at 7], Plaintiff's cause of action for declaratory judgment was added *after* the case was removed to federal court [*compare* Doc. 1-1 *with* Doc. 27].

Notwithstanding the misrepresentations in Plaintiff's arguments in response to the present motion [*see* Doc. 32 at 12–13], it appears to the Court that Plaintiff's citations in the Amended Complaint to the South Carolina Act were inadvertent and that, due to the absence of reference to the South Carolina Act and instead a general reference to the "Declaratory Judgment Act" in the cause of action, Plaintiff likely intended to state a claim under the Federal Act. [*See* Doc. 27 ¶¶ 93–99.] The Court agrees with Moving Defendants, however, that Plaintiff's request for attorney's fees and costs under the South Carolina Act should be stricken and grants Moving Defendants' motion insofar as it requests that the Court strike the prayer for relief in Plaintiff's cause of action for declaratory judgment.

To the extent Plaintiff seeks to amend its Amended Complaint to cite to the Federal Act, the Court grants Plaintiff leave to amend its pleading.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a complaint] when justice so requires."); [*see also* Doc. 32 at 12 ("[T]o the extent the Court finds that Plaintiff's request for an award of attorney's fees and costs in connection with the declaratory judgment claim is insufficient, Plaintiff respectfully requests leave to amend the allegations in Paragraph 99 of the Amended Complaint to reflect Plaintiff's request for further relief pursuant to the Federal Declaratory Judgment[] Act.")].

## **CONCLUSION**

Wherefore, based upon the foregoing, Moving Defendants' motion to dismiss and for judgment on the pleadings [Doc. 31] is GRANTED IN PART and DENIED IN PART. Moving Defendants' motion is denied to the extent it seeks full dismissal of Plaintiff's cause of action for declaratory judgment and is otherwise granted.[8]  Additionally, Plaintiff is granted leave to amend its Amended Complaint in a manner consistent with this Order no later than July 21, 2025.

IT IS SO ORDERED.

---

[8] Although Moving Defendants do not move to dismiss Plaintiff's claims as against Kevin Webber and the South Carolina Department of Transportation (the "SCDOT"), the Court's conclusions regarding Plaintiff's South Carolina constitutional claims, equitable estoppel claim, and declaratory judgment claim apply to all Defendants, and thus to the extent those claims are asserted against Defendants Webber and the SCDOT, the Court dismisses them as well consistent with this Order.  *See Hill v. United Air Lines, Inc.*, No. 2:10-cv-3243-RMG-BM, 2011 WL 1113499, at *2 (D.S.C. Mar. 24, 2011) ("Although [the non-moving defendant] has not joined in the motion to dismiss, the same law and reasoning applies and thus also precludes [the] plaintiff's claim against [the non-moving defendant].").

<u>s/ Jacquelyn D. Austin</u>
United States District Judge

July 11, 2025
Columbia, South Carolina